**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

WILLIAM J. SEYMOUR,                           )
                                              )
                    Plaintiff,                )
                                              )
v.                                            )       Case No. _____
                                              )
TONGANOXIE USD 464,                           )
**SERVE SUPERINTENDENT OF SCHOOLS:**          )
    **Loren Feldkamp**     )
    **330 East 24-40 Highway** )
    **Tonganoxie, Kansas 66086** )
                                              )
                    Defendant.                )

# COMPLAINT

COMES NOW Plaintiff William J. Seymour, by and through counsel, and for his causes of action against Defendant Tonganoxie USD 464, states and alleges as follows:

## PARTIES

1.      Plaintiff is an individual residing at 305 East 2nd, Tonganoxie, Kansas 66086 and he was employed, including in his final position as Facilities and Ground Coordinator, by Defendant beginning on or about July 15, 1991, and continuing until his wrongful termination on or about April 9, 2019.  Plaintiff was born in 1960 and is presently 59 years old.

2.      Defendant Tonganoxie USD 464 ("the District") is a public-school district and organized and existing under the laws of the State of Kansas with its central office located at 330 East 24-40 Highway, Tonganoxie, Kansas 66086.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under federal law,

specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").

4.      Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the District including the unlawful employment practices set forth herein that are alleged to have been committed in this District by Defendant.

## FACTUAL ALLEGATIONS

5.      Plaintiff was employed, including in his final position as Facilities and Grounds Coordinator, by Defendant beginning on or about July 15, 1991, until his wrongful termination on or about April 9, 2019.

6.      At all times herein mentioned, Plaintiff was an "employee" of the Defendant within the meaning of Title VII and the ADEA, and he was entitled to all the benefits and protections of those laws.

7.      Defendant is an "employer" of Plaintiff within the meaning of Title VII and the ADEA.

8.       Defendant is engaged in an industry affecting commerce and it has employed 200 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

9.      Throughout his employment with the Defendant, Plaintiff was subject to the control of the Defendant as to the means and manner of accomplishing his work as an employee of Defendant.

10. Throughout his more than 28 years of employment with Defendant, Plaintiff performed all duties of his job as required, exceeded the expectations of his position, and received promotions, praise, raises, and excellent reviews for his work.

11. Plaintiff was employed by Defendant from July 15, 1991, including in his final position as Facilities and Grounds Coordinator, until his wrongful termination on April 9, 2019.

12. Prior to Plaintiff's termination, Defendant hired a new Superintendent, Loren Feldkamp, in or around July 2018.

13. From July 2018 until Plaintiff's termination, Mr. Feldkamp asked Plaintiff multiple times when he planned to retire.

14. Plaintiff complained about these age-related discriminatory comments to Human Resources.

15. Following Plaintiff's complaint to HR, Mr. Feldkamp began removing Plaintiff from projects that were Plaintiff's job duties, and Plaintiff was excluded from meetings regarding District projects.

16. However, similarly situated younger and/or female employees were permitted to attend the meetings in which certain of Plaintiff's job duties were reassigned to substantially younger individuals.

17. Plaintiff complained about this differential treatment to both Mr. Feldkamp and HR.

18. About three weeks prior to Plaintiff's termination, Mr. Feldkamp again asked Plaintiff when he planned to retire.

19. On or about April 9, 2019, Mr. Feldkamp told Plaintiff that the district was "going in a different direction" and that Plaintiff's contract would not be renewed.

20.     On the same day, the District posted Plaintiff's position for hiring, and on April 11, 2019, it hired a less-qualified, substantially younger individual for the position.

21.     Prior to and including his wrongful termination, Plaintiff experienced a hostile, discriminatory and retaliatory work environment including a pattern and practice of disparate treatment in the terms and conditions of his employment based on his sex and age, and/or retaliation by the Defendant Tonganoxie USD 464 and its managers and employees, including but not limited to unfounded discipline and his wrongful termination, without any legitimate reason and in violation of the law.

22.     Despite Plaintiff's complaints of discrimination, he was terminated in violation of law by Defendant on or about April 9, 2019.

23.     Defendant's illegal, discriminatory and retaliatory conduct against Plaintiff included hostile, discriminatory and retaliatory comments and actions, and other adverse actions impacting the terms and conditions of Plaintiff's employment including his wrongful termination on or about April 9, 2019.

24.     These adverse actions were taken without any legitimate reason and in violation of the law and less-qualified, substantially younger, and/or female, and/or those who had not complained about or reported discrimination or retaliation, were treated more favorably.

25.     The true reasons for the discriminatory and retaliatory employment actions of Defendant against Plaintiff, including but not limited to those adverse employment actions set forth above, were illegal sex and/or age discrimination and/or retaliation for complaints of discrimination.

26.     Defendant engaged in a pattern and practice of sex and age discrimination and/or retaliation with respect to Plaintiff and similarly situated employees.

27.     Throughout Plaintiff's employment with Defendant, he was subjected to age and sex or retaliation in violation of Title VII and the ADEA.

28.     During the course of his employment with Defendant, Plaintiff met all qualifications for the position that he held with Defendant.

29.     Plaintiff was illegally terminated from his employment with Defendant on or about April 9, 2019.

30.     Subsequent to Plaintiff's termination, he applied for Unemployment benefits with the Kansas Department of Labor.

31.     On April 19, 2019, Plaintiff filed a timely charge alleging age discrimination and retaliation against Defendant with the Kansas Human Rights Commission ("KHRC") and this charge was dual-filed with the Equal Employment Opportunity Commission ("EEOC"). (Attached as **Exhibit A**.)

32.     On June 7, 2019, Plaintiff filed a timely amended charge alleging sex and age discrimination and retaliation against Defendant with KHRC and EEOC.  (Attached as **Exhibit B**.)

33.     On August 12, 2019, the Kansas Department of Labor determined Plaintiff was entitled to Unemployment benefits.

34.     Without good cause, Defendant failed to appear at the appeals hearing.

35.     On or about August 28, 2019, Defendant further retaliated against Plaintiff by appealing Plaintiff's award of Unemployment benefits.

36.     On or about March 12, 2020, the United States Department of Justice and the EEOC mailed Notices of Right to Sue letters to Plaintiff.  (Attached as **Exhibit C**.)

37.     This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC and DOJ.

38.     Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

## COUNT I – SEX DISCRIMINATION (TITLE VII)

39.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 38 above.

40.     Plaintiff's sex was a motivating factor in Defendant's intentional decisions to discriminate against him in the terms and conditions of his employment, including but not limited to unfounded discipline and terminating his employment for false, pretextual reasons.

41.     Defendant has a pattern and practice of sex discrimination including as set forth previously herein against Plaintiff and similarly situated male employees.

42.     The discriminatory actions of Defendant detrimentally affected Plaintiff in the terms and conditions of his employment with Defendant.

43.     Plaintiff complained about these discriminatory actions to Defendant's management and demanded that the discrimination cease.

44.     Defendant knew, or should have known, of the sex discrimination against its employees, including Plaintiff.

45.     Defendant failed to take prompt and appropriate corrective action to end the sex discrimination against its employees, including Plaintiff.

46.     Defendant failed to make good faith efforts to enforce its policies to prevent sex discrimination against its employees, including Plaintiff.

47.     Defendant's conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Title VII, and is sufficiently culpable to warrant an award of punitive damages.

48.     As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count I, including but not limited to his lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT II – RETALIATION (TITLE VII)

49.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 48 above.

50.     Plaintiff had a good faith, reasonable belief that he was being subjected to unlawful employment practices including but not limited to disparate treatment by Defendant in the terms and conditions of his employment compared with similarly situated, female employees, and he reported the same to Defendant.

51.     Defendant retaliated against Plaintiff because of his opposition to unlawful employment practices including but not limited to by subjecting him to unfounded discipline,

terminating his employment for false, pre-textual reasons, and appealing his duly awarded unemployment benefits.

52.     Plaintiff's opposition to unlawful employment practices was a motivating factor in Defendant's decision to subject him to adverse employment actions including the adverse actions described herein.

53.     Defendant's conduct was willful and/or outrageous as it intentionally and knowingly violated Plaintiff's rights under Title VII, and is sufficient therefore to warrant an award of punitive damages.

54.     As a direct result of Defendant's illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count II, and requests an award of him actual damages, including but not limited to his lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT III – AGE DISCRIMINATION (ADEA)

55.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 54 above.

56.     Plaintiff's age was a determining factor in Defendant's intentional decision to discriminate against him in the terms and conditions of his employment, including, but not

limited to, subjecting him to unfounded discipline and by terminating his employment with Defendant.

57.     The Defendant manifested its illegal age bias through age biased comments and actions, including but not limited to adverse job actions including unfounded discipline and by its termination of Plaintiff for false alleged reasons, while similarly situated, substantially younger employees were treated more favorably and not subjected to the same type of hostile and discriminatory comments and actions, false discipline and termination.

58.     Defendant knew, or should have known, of the age discrimination against its employees, including Plaintiff.

59.     Defendant failed to take prompt and appropriate corrective action to end the age discrimination against its employees, including Plaintiff.

60.     Defendant failed to make good faith efforts to enforce its policies to prevent age discrimination against its employees, including Plaintiff.

61.     Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADEA, thus justifying an award of liquidated damages.

62.     As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count III, and requests an award of him actual damages, including but not limited to his lost wages and benefits, with interest through the date of trial, damages for future loss of wages and benefits,

liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## COUNT IV – RETALIATION (ADEA)

63.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 62 above.

64.     Plaintiff had a good faith, reasonable belief that he was being subjected to unlawful employment practices including disparate treatment by Defendant in the terms and conditions of his employment compared with similarly situated, substantially younger employees, and he reported the same to Defendant.

65.     Defendant retaliated against Plaintiff because of his opposition to unlawful discriminatory employment including by subjecting him to age biased comments and actions, and including but not limited to, by subjecting him to adverse job actions including unfounded discipline, terminating of Plaintiff for false, pre-textual reasons, and appealing his duly award unemployment benefits.

66.     Plaintiff's opposition to unlawful discriminatory employment practices and/or his participation in an investigation of unlawful and discriminatory employment practices was a determining factor in Defendant's decision to subject him to adverse employment actions including those actions set forth above and herein and including the termination of his employment.

67.     Defendant's conduct was willful and/or outrageous as they intentionally and knowingly violated Plaintiff's rights under the ADEA, and is sufficient therefore to warrant an award of liquidated damages.

68.     As a direct result of Defendant's illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count IV, and requests an award of his actual damages, including but not limited to his lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By  /s/ Raymond A. Dake
      Rik N. Siro                KS FED #77812
      Eric W. Smith             KS #16539
      Athena M. Dickson      KS #21533
      Raymond A. Dake      KS FED #78448
      Ryan P. McEnaney      MO #70235
      1621 Baltimore Avenue
      Kansas City, Missouri  64108
      816.471.4881 (Tel)
      816.471.4883 (Fax)
      rsiro@sirosmithdickson.com (email)
      esmith@sirosmithdickson.com (email)
      adickson@sirosmithdickson.com (email)
      rdake@sirosmithdickson.com (email)
      rmcenaney@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**