IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**William J. Seymour,**

        **Plaintiff,**

v.                                                     **Case No. 20-2282-JWL**

**Tonganoxie USD 464,**

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed this lawsuit against defendant alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and age discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621 et seq.  This matter is before the court on defendant's motion for partial judgment on the pleadings (doc. 15).  As will be explained, the motion is granted in part as unopposed and is otherwise denied.

**Applicable Standards**

A motion for judgment on the pleadings made pursuant to Federal Rule of Civil Procedure 12(c) is treated as a motion to dismiss for failure to state a claim made pursuant to Rule 12(b)(6). *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992)). In analyzing defendant's motion, the court accepts as true "all well-pleaded factual allegations in the complaint and view[s]

them in the light most favorable to the plaintiff." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). The court then determines whether the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citations omitted). In determining the plausibility of a claim, the court looks to the elements of the particular cause of action, "keeping in mind that the Rule 12(b)(6) standard [does not] require a plaintiff to set forth a prima facie case for each element." *Id.* (quotations omitted). While "the nature and specificity of the allegations required to state a plausible claim will vary based on context," "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Id.* (citations and quotations omitted). Thus, a "claim is facially plausible if the plaintiff has pled 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**Background**

Consistent with the standard articulated above, the following well-pleaded allegations, taken from plaintiff's complaint, are accepted as true. Plaintiff is a 59-year-old male who began his employment with defendant in 1991. He continued his employment with defendant until defendant terminated his employment in April 2019. Plaintiff alleges that, at all times, he exceeded the performance expectations of defendant and routinely received raises and promotions. His most recent job with defendant was Facilities and Grounds Coordinator.

In July 2018, defendant hired a new Superintendent, Loren Feldkemp. Plaintiff alleges that Mr. Feldkemp, from July 2018 until April 2019, asked plaintiff on multiple occasions when he planned to retire. Plaintiff alleges that he complained about these questions to Human Resources. Afterwards, Mr. Feldkamp began removing plaintiff from projects and excluding plaintiff from meetings about District projects. According to plaintiff, similarly situated younger employees and similarly situated female employees were permitted to attend those meetings and plaintiff's job duties were reassigned during those meetings. Plaintiff complained to Mr. Feldkemp and Human Resources about his exclusion from these meetings and that younger employees and female employees were permitted to attend.

Plaintiff alleges that, during Mr. Feldkemp's tenure, plaintiff was subjected to unfounded discipline based on his sex, age and/or in retaliation for his complaints of discrimination; that he was subjected to a hostile environment based on his sex, age and/or in retaliation for his complaints of discrimination; and that he was ultimately terminated based on his sex, age and/or in retaliation for his complaints of discrimination. He further alleges that he experienced disparate terms and conditions of his employment based on sex and in retaliation for his complaints about discrimination.

On April 9, 2019, Mr. Feldkamp told plaintiff that the District was "going in a different direction" and that plaintiff's contract would not be renewed. Defendant hired a substantially younger person for the position.

**Discussion**

Part of defendant's motion is unopposed by plaintiff. Specifically, plaintiff concedes that his assertion of a claim for punitive damages against the school district was in error. *See* 42 U.S.C. § 1981a(b)(1). Defendant's motion, then, is granted on that issue.

Next, defendant asserts that judgment on the pleadings is warranted on plaintiff's sex discrimination claim because he has failed to allege any "background circumstances" that would lend support to an inference that defendant is that "unusual employer who discriminates against the majority." *See Adamson v Multi Community Diversified Serv., Inc.*, 514 F.3d 1136, 1149 (10th Cir. 2008). Without exception, every case cited by defendant is one in which the court was examining that issue on summary judgment. When examining that issue through the lens of a Rule 12(b)(6) motion, many courts have recognized that a failure to allege sufficient "background circumstances" about the employer, standing alone, is not relevant and not a reason for dismissal. *See Walker v. Answer Topeka, Inc.*, 2020 WL 4200878, at *4 (D. Kan. July 21, 2020) (background circumstances irrelevant to the court's decision on motion to dismiss for failure to state a claim because plaintiff alleged enough facts to plausibly indicate that but for his sex, he would not have been fired); *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 666 (D. Kan. 2014) (plaintiff sufficiently alleged reverse gender discrimination claim where he alleged disparate treatment as compared to female employees); *Slyter v. Bd. of Cty. Comm'rs for Anderson Cty., Kan.*, 2011 WL 6091745, at *3 (D. Kan. Dec. 7, 2011) (denying Rule 12(b)(6) motion where complaint alleged sufficient facts that but for plaintiff's status as a male, he would not have been terminated; to the

4

extent plaintiff did not sufficiently allege "background circumstances" ultimately required for reverse gender discrimination claim, that issue was "properly reserved for summary judgment").

In his complaint, plaintiff alleges that he was treated less favorably than female employees. Specifically, he alleges that plaintiff's supervisor excluded him from meetings regarding District projects and that similarly situated female employees were permitted to attend those meetings—meetings at which plaintiff's job duties were reassigned to other employees. This allegation is sufficient to support a claim of sex discrimination.[1] While plaintiff's remaining allegations of sex discrimination may lack specificity, defendant's motion does not seek dismissal of discrete sex discrimination claims, but utilizes a broad brush approach seeking dismissal of any and all sex discrimination claims based primarily on plaintiff's failure to allege "background circumstances" about the District. Defendant also notes that plaintiff admits in his EEOC charge that he was replaced by a male which, according to defendant, undermines any discriminatory discharge claim. Even assuming he was replaced by a male, that fact is not necessarily fatal to his discharge claim, particularly at this juncture, and does not necessarily have any bearing on his other sex discrimination claims. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220 (10th Cir. 2000) (comparison to a person outside of the protected class is not required as part of the fourth-prong showing of plaintiff's prima facie case in discriminatory discharge cases); *Perry v. Woodward*, 199 F.3d 1126 (10th Cir. 1999) (district court erred when it held that plaintiff failed

---

[1] Defendant contends that this allegation cannot reasonably support a claim of sex discrimination because the complaint suggests only that plaintiff was excluded from meetings as a result of his complaint of age discrimination. While the complaint supports that inference, the complaint is not necessarily limited to that inference.

to make out her prima facie case of racial discrimination because she was replaced by a person in the same protected class). The motion, then, is denied.

Defendant also moves to dismiss plaintiff's Title VII retaliation claim for failure to state a claim. According to defendant, plaintiff fails to allege any retaliatory conduct stemming from a complaint about sex discrimination, as opposed to age discrimination. While the complaint suggests that plaintiff's initial complaint to Human Resources concerned age discrimination, plaintiff alleges a second complaint to Human Resources and to his supervisor about "differential treatment" in terms of meetings from which he was excluded and that female employees were permitted to attend. See Compl. ¶ 16-17. He further alleges that he was terminated at least in part because of this complaint. These allegations state a plausible claim of retaliation based on a complaint of sex discrimination.

Lastly, defendant moves for judgment on the pleadings to the extent plaintiff seeks liquidated damages under the ADEA. In support of its argument that plaintiff cannot recover such damages against a school district, defendant asserts that liquidated damages are considered punitive in nature and, accordingly, cannot be recovered against a governmental entity. Defendant does not direct the court to any cases squarely addressing this issue; rather, it simply cites cases for the proposition that liquidated damages are punitive in nature. Plaintiff, on the other hand, has directed the court to cases that have addressed this issue. Indeed, the only Circuit Courts of Appeal that have addressed the issue have held that a plaintiff may recover liquidated damages against a governmental entity under the ADEA. *See Cross v. N.Y. City Transit Auth.*, 417 F.3d 241 (2d Cir. 2005); *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366 (3d Cir. 2004). Other Circuits have permitted such awards without addressing the issue, presumably assuming that such awards are

6

permissible. *See Ray v. Iuka Special Mun. Separate Sch. Dist.*, 51 F.3d 1246, 1253 (5th Cir. 1995) (upholding liquidated damages award where jury found willful violation); *Lee v. Rapid City Area Sch. Dist. No. 51-4*, 981 F.2d 316, 319-20 (8th Cir. 1992) (remanding for assessment of full liquidated damages award after holding that district court erred in reducing such damages); *Orzel v. City of Wauwatosa Fire Dept.*, 697 F.2d 743, 758-59 (7th Cir. 1983) (upholding liquidated damages award against fire department).

In *Potence,* the Third Circuit held that the ADEA expressly authorizes liquidated damages against municipalities despite the fact that such damages are punitive in nature. 357 F.3d at 373. In so holding, the Circuit explained:

> The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge" an individual because of his or her age. 29 U.S.C. § 623(a)(1). Included in the ADEA's definition of employer is "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State." 29 U.S.C. § 630(b). The ADEA could not be more explicit in imposing liability for age discrimination against municipalities. Similarly explicit is the ADEA's contemplation of the imposition of liquidated damages, as it states in pertinent part "[t]hat liquidated damages shall be payable only in cases of willful violations of this chapter." 29 U.S.C. § 626(b). The FLSA provisions incorporated in the ADEA provide for the imposition of liquidated damages "against any employer (including a public agency)," 29 U.S.C. § 216(b), and the statutory definition of a "public agency" includes "State[s] or political subdivision[s] thereof," 29 U.S.C. § 203(x).

*Id.* In *Cross*, the Second Circuit found the Third Circuit's analysis in *Potence* "convincing" and adopted it as its own. 417 F.3d at 255. While the Tenth Circuit has not addressed the issue, the court believes that, if faced with the issue, the Circuit would follow the reasoned analysis of *Potence* and conclude that liquidated damages are available against municipalities. *See Cadorna v. City & County of Denver*, 2006 WL 3951874, at *2 (D. Colo. Nov. 27, 2006) (rejecting argument that liquidated damages could not be recovered against municipality where the

7

defendant "presented no cogent argument that would lead [the court] to deviate from the reasoned analyses and reasonable conclusions" of *Potence* and *Cross*).  In short, the court rejects defendant's argument and denies the motion on this issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for judgment on the pleadings (doc. 15) is **granted in part as unopposed and it otherwise denied.**

**IT IS SO ORDERED**.

Dated this 17th  day of November, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge